JONATHAN KNIGHT, Respondent, v. JOSEPH G. NEW-
KIRK, Executor, etc., Appellant.

**Kansas City Court of Appeals, June 3, 1901.\***

1. **Administration**: PAYMENT OF SECURED CLAIMS: STATUTE:
ASSUMED MORTGAGE. Under section 191, Revised Statutes
1899, creditors are required to exhaust the securities they have for
their debts before interfering with the general funds of the estate,
thus protecting creditors who have no securities, and this applies
to mortgage debts which the decedent may have assumed.

2. ————: CONSTRUCTION OF WILL: PAYMENT OF SECURED
DEBT: GENERAL ESTATE: STATUTE. N bought a piece of
land, assuming certain mortgaged debts thereon. He then made a
will bequeathing said land to a trustee for certain grandchildren,
with certain directions, and died. The trustee having become the
owner of the secured notes had them allowed and classified against
the estate and then moved the court to order their payment out of
the general estate. *Held*, he was entitled to payment out of the
general estate since it was the intention of the will that the land
should go to the grandchildren for their maintenance and section
191 applies to creditors alone and not to heirs.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,*
Judge.

Affirmed.

*C. C. Bigger* and *H. K. & H. J. West* for appellant.

(1)   The appointment of a trustee to execute a trust,
created by will, is the exercise of equitable jurisdiction. Trusts
and trustees are ancient subjects of equity jurisprudence.   R.
S. 1899, secs. 4580 to 4588 inclusive; Hitch v. Stonebraker,
125 Mo. 128; Brandon v. Carter, 119 Mo. 572; Hereford v.
Bank, 53 Mo. 330; 27 Am. and Eng. Ency. of Law (1 Ed.),
pp. 85, 89; Story's Equity Jurisprudence (10 Ed.), sec. 960,

*'This case reached Reporter, February 25, 1902.

et seq. (2) Under the laws of this State the circuit courts alone have such jurisdiction. Constitution, art. 6, sec. 22; R. S. 1899, sec. 1674; Dillon v. Stevens, 62 Mo. App. 479; Hitch v. Stonebraker, supra; Brandon v. Carter, supra; Hereford v. Bank, supra. (3) Probate courts have no such jurisdiction. Constitution, art. 6, sec. 34; R. S. 1899, sec. 1756; Patterson v. Booth, 103 Mo. 402; Butler v. Lawson, 72 Mo. 227. (4) Plaintiff is not entitled to payment of his demand out of the general estate of Cyrus Newkirk, deceased, until he has exhausted the security held by him. Section 191, Revised Statutes 1899, is conclusive of this proposition.

*A. W. Mullins* for respondent.

(1) The principal contention in the brief of appellant's counsel, relating to the jurisdiction and power of the courts to appoint trustees, is quite aside from any question presented for decision by the record in this case. No trust funds were used or invested by the respondent in acquiring the claim against Newkirk's estate, and the right of the respondent to have his demand enforced as against said estate, is not lessened or in anywise impaired by reason of the fact that in said transaction he was and is acting in the interest of said children, whether the probate court was authorized to make such appointment of trustee, or not. (2) Section 191, Revised Statutes 1899, cited by counsel for appellant as authority for their position that "plaintiff is not entitled to payment of his demand out of the general estate of Cyrus Newkirk, deceased," is inapplicable in this case. That statute applies to claims of creditors secured by mortgages and deeds of trust executed in his lifetime by the decedent. In this instance Newkirk executed no mortgage or deed of trust; but he contracted to pay the debts secured by the deeds of trust and thereby became primarily liable for their payment as his own indebtedness. The creditors could have sued Newkirk in his lifetime on his assumption of pay-

ment, and could have recovered. His estate remains equally liable. Heim v. Vogel, 69 Mo. 529; Ferry Co. v. Railroad, 73 Mo. 389, 403; Fitzgerald v. Barker, 70 Mo. 685; Winn v. Investment Co., 125 Mo. 528; Hicks v. Hamilton, 144 Mo. 495; 1 Jones on Mortgages, secs. 559, 560; Thorp v. Keokuk Coal Co., 48 N. Y. 253; McKay v. Ward, 57 Pac. Rep. 1024, s. c., 49 Central Law Journal (No. 17), 321. (3) The devise of the real estate made in the codicil to the will of said testator shows, by its recital, that Cyrus Newkirk intended to give said real estate to his two grandchildren, free of incumbrance. They were mere infants and wholly without any estate, aside from that willed them—the two pieces of land. The proceeds arising from the rents and profits thereof were to be used in clothing and caring for said children until the younger one of them should become twenty-one years of age, when it would pass into their charge.

ELLISON, J.—Cyrus Newkirk purchased, by warranty deed, one hundred and twenty acres of land upon which there were two mortgages securing two separate notes, one for $1,000 and the other for $200. The deed recited that Newkirk assumed to pay said notes. Afterwards, Newkirk died without paying the notes. He left a will with various provisions. The part bearing on this controversy bequeathed the land aforesaid to his two grandchildren. That is to say, it was "bequeathed and devised" to Gayes D. Lewis "in trust for the sole use and benefit of my said grandchildren, Cecil N. and Gladys I. Cherry, to be so held in trust until the said Gladys I. Cherry, she being the younger, shall have attained the age of twenty-one years, the proceeds arising from the rents and profits of said real estate to be used by the said trustee in clothing and caring for my said grandchildren, and should either of my said grandchildren die without heirs of their body, then the survivor shall take the entire bequest, if their death occurs before coming into this bequest, and should both said grand-

children die without heirs of their bodies, before coming into the estate herein bequeathed, then it is my will that the estate herein bequeathed shall return to and become a part of the general estate and descend and be distributed under clause sixteen of my will."

After Newkirk's death, Lewis declined to act as trustee and this plaintiff, who became the legal owner of both the aforesaid notes, was appointed in his stead by the probate court and he presented them to the probate court of Linn county for allowance and classification. They were duly allowed. Thereupon plaintiff asked that the probate court order forty per cent of the allowance paid out of the estate, it appearing that there was, at that time, enough money on hands to make such proportion of payment on indebtedness. The probate court made the order as asked, and the executor of Newkirk's estate appealed to this court. The claimant testified that in all he did he was acting for the interest of the children.

The executor contends that the claimant must first exhaust his mortgage security on the land before he can have a payment out of the general fund of the estate. The statute (section 191, Revised Statutes 1899) reads:

"When a claim is allowed against an estate which is secured by mortgage, deed of trust or other lien held by the creditor, the same may be allowed as other claims, but shall not be paid until such security held by the claimant has been exhausted; but if such security be not sufficient to pay off and discharge the debt of such creditor, then such creditor for the residue of his debt shall be entitled in common with other creditors to have the same paid out of the estate."

That statute, with a view to the equity of the matter, was intended to compel creditors with mortgage security to exhaust such security before interfering with the general funds of the estate, thus protecting creditors who had no security. We are of the opinion that it applies to mortgages which the decedent may have assumed as fully as to those he may have himself

executed. In either case he is personally liable for the debt and might, when alive, have been sued for it in either case as a personal claim owing by him.

But there is an additional consideration presented which, it seems to us, renders an affirmance of the judgment of the trial court imperative. It is a legitimate inference from the record that the estate of Newkirk is solvent and that creditors are not involved in this controversy. The object of this litigation is evidently this: The claimant wants the mortgage debt paid out of the general estate so that the grandchildren aforesaid may get the land, willed to them, free from the incumbrance. And the executor wants the payment to be made out of the land so that it will not come out of the general estate, and thus leave a larger estate to go to the other heirs. Whether this is the object or not, it is the effect the success of either position would bring about.

Now the statute aforesaid was enacted in the interest of *creditors;* and heirs, as such, nor the executor acting for them, have no right to call that law to their aid. So, therefore, in cases where creditors are not interested the testator may dispose of his property as may to him seem best. In this case it is clear that the testator did not contemplate that the lands aforesaid should be sold for the incumbrances thereon and thus his infant orphan grandchildren be deprived of all protection. The will shows that he intended that that land should remain as an estate for the support, care and maintenance of the children until the youngest became twenty-one years of age. The language and entire import of the provision refutes the idea that the testator contemplated, or intended, that the property could be taken from the children. We therefore hold that the notes aforesaid must be paid out of the general estate.

The foregoing disposes of the controlling questions in the case. The technical point as to the proper appointment of this claimant as trustee has no bearing on the question discussed.

The object of the proceeding was and is to protect the infant children, and this we believe has been done.

The judgment is affirmed. All concur.